# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **J.B.S. CRANES & ACCESSORIES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil No. 19-729** |
| | ) | |
| **ALL-CAL EQUIPMENT SERVICES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION and ORDER

On June 19, 2019, Plaintiff J.B.S. Cranes & Accessories, Inc. ("J.B.S. Cranes") filed suit

in the Washington County Court of Common Pleas against Defendant All-Cal Equipment

Services, Inc. ("All-Cal") alleging Breach of Contract (Count I) and Tortious Interference with

Contractual Relations (Count II) claims. ECF No. 1-1. On that same date, All-Cal timely

removed the case to the United States District Court for the Western District of Pennsylvania

pursuant to diversity jurisdiction under 28 U.S.C. § 1332. ECF No. 1. Pending before the Court

are J.B.S. Cranes' Motion to Remand for untimeliness, and All-Cal's Motion to Dismiss for lack

of personal jurisdiction and improper venue. ECF Nos. 2, 8. For the following reasons, J.B.S.

Crane's Motion to Remand will be denied, and All-Cal's Motion to Dismiss will be granted.

## I.    BACKGROUND

J.B.S. Cranes is a Pennsylvania Corporation located at 215 Teepee Road, Canonsburg,

Pennsylvania 15317. ECF No. 1-1, at ¶ 2. J.B.S. Cranes "manufactures, sells, and services

multiple types of cranes, hoists, jibs and lifters to customers throughout the United States." *Id.* at

¶ 6. All-Cal is a California Corporation located at 3718 99 Frontage Road, Stockton, California

95215. *Id.* at ¶ 3. All-Cal "provides inspections, certifications, and repairs on a large variety of equipment including cranes, lifts, forklifts, rigging, and other lifting devices." *Id.* at ¶ 7.

In 2014, J.B.S. Cranes began work on a project for Union Pacific Railroad in Stockton, California (hereinafter the "California Project"). *Id.* at ¶ 8. J.B.S. Cranes was contracted to install a hoisting machine for Union Pacific Railroad. *Id.* at ¶ 10. In furtherance of its obligations on the California Project, J.B.S. Cranes engaged All-Cal to purchase and install equipment for the California Project. *Id.* at ¶¶ 13, 15, 18. Accordingly, in September 2014 and November 2014, J.B.S. Cranes submitted to All-Cal a Purchase Order and two Change Orders. *Id.* at ¶ 14. The Purchase Order provided All-Cal with information on the equipment and installation transactions between J.B.S. Cranes and All-Cal. *Id.* at ¶ 18. Both the Purchase Order and the Change Orders were executed by J.B.S. Cranes in Washington County, Pennsylvania. *Id.* at ¶ 19. In September 2014, All-Cal accepted the Purchase Order and tendered the hoist and related equipment for the California Project in Stockton, California. *Id.* at ¶ 20.

J.B.S. Cranes contends that All-Cal did not object to the terms of the Purchase Order or Change Orders, specifically citing the provision that All-Cal would forward all Union Pacific Railroad inquiries to J.B.S. Cranes.[1] *Id.* at ¶¶ 24, 28. All-Cal, however, established a private line of direct communications with Union Pacific Railroad, subverting the contractual

---

[1] Both the Purchase Order and the Change Orders provide as follows:

> BY ACCEPTING THIS PURCHASE ORDER, THE VENDOR ACKNOWLEDGES THIS IS A JBS CRANES CONTRACT FOR A JBS CRANES CUSTOMER AND THAT ANY AND ALL FUTURE INQUIRIES EMANATING FROM THIS END USER AT THE DESIGNATED SHIP TO LOCATION ARE TO BE QUOTED ONLY TO JBS CRANES AND THE CUSTOMER IS TO BE ADVISED THAT THEIR INQUIRY WILL BE HANDLED BY YOUR ORIGINAL DEALER/SYSTEMS INTEGRATOR. VENDOR IS EXPECTED TO FLAG THE FILE APPROPRIATELY TO ENSURE THIS PROCESS IS FOLLOWED IN EVERY CASE. THIS IS AN UNWAVERING CONDITION OF THIS ORDER.

ECF No. 1-1, at ¶ 3.

restrictions in the Purchase Order and Change Orders.  *Id.* at ¶¶ 30, 31.  Without informing J.B.S.

Cranes, All-Cal filled orders for Union Pacific Railroad regarding substantial maintenance and

installation work on the California Project.  *Id.* at ¶¶ 32, 33.  J.B.S. Cranes discovered this

communication in February 2018, and requested clarification from All-Cal.  *Id.* at ¶¶ 32, 35.  In

response, All-Cal stated that it was commissioned individually by Union Pacific Railroad to

perform maintenance and installation work for the Project.  *Id.* at ¶¶ 36, 37.  J.B.S. Cranes

contends that this is a material breach of All-Cal's contractual obligation under the Purchase

Order and Change Orders.  *Id.* at ¶ 37, 45.


## II.    DISCUSSION
### A.  Motion to Remand

J.B.S. Cranes moves to remand this action alleging that All-Cal untimely filed its Notice

of Removal.  A "notice of removal of a civil action or proceeding shall be filed within 30 days

after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."

28 U.S.C. § 1446(b).  All-Cal, as the removing party "bears the burden of proving that

jurisdiction exists."  *Boyer v. Snap-on-Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990); 28 U.S.C.

§ 1441.  All doubts regarding removal should be construed in favor of remand.  *Boyer*, 913 F.2d

at 111.

J.B.S. Cranes filed a Writ of Summons against All-Cal in the Court of Common Pleas of

Washington County on December 21, 2018.  ECF No. 9, at 1; ECF No. 13, at 1.  Service of

original process pursuant to Pennsylvania Rule of Civil Procedure 404, the Writ of Summons,

was complete on January 2, 2019.  ECF No. 9, Ex. 3.  On February 7, 2019, J.B.S. Cranes'

counsel, Phillip J. Binotto, spoke with a California attorney, Paul N. Balestracci, who informed

Mr. Binotto that he was counsel for All-Cal.  ECF No. 9, at 2; ECF No. 13, at 1.  J.B.S. Cranes

contends that Mr. Binotto and Mr. Balestracci agreed that when J.B.S. Cranes filed a Complaint in Washington County, Mr. Binotto would email it Mr. Balestracci. ECF No. 9, at 2. The Complaint was filed in Washington County on May 17, 2019 and emailed to Mr. Balestracci that same day.[2] *Id.*

Pennsylvania Rule of Civil Procedure 440 governs service of process other than original process. Pa. R. Civ. P. 440. The Official Note to Rule 440 directs the reader to Rule 205.4(g), which provides that once service of original process is complete, service of pleadings may be completed by email pursuant to an agreement or consent. J.B.S. Cranes contends that service of the Complaint pursuant to Rule 205.4(g) was complete on May 17, 2019, when it was sent to Mr. Balestracci's email address. Pa. R. Civ. P. 205.4(g). Because All-Cal's June 19, 2019 Notice of Removal was not filed within 30 days of service, J.B.S. Cranes argues that it is untimely and this action should be remanded. ECF No. 8, at 4; ECF No. 9, at 4.

All-Cal contends that service of the Complaint by email to Mr. Balestracci was not proper because he was not the attorney of record for All-Cal in Washington County. ECF No. 1, at ¶¶ 8-9. Mr. Balestracci communicated to Mr. Binotto by email stating, in part, "that a complaint in the matter has not yet been filed;" "I am not a member of the Pennsylvania Bar, so I am uncertain of the rules of service;" and he acknowledged that Mr. Binotto had "kindly agreed to email a copy of any complaint when it is filed." ECF No. 9, Ex. 5. Given that Mr. Balestracci stated that he was uncertain of Pennsylvania's rules of service, it is not clear that he agreed or consented to *service* of the Complaint by email or was merely recognizing counsel's accommodation. Nevertheless, Mr. Balestracci never formally entered his appearance on behalf

---

[2] The Complaint was also sent by certified mail to Mr. Balestracci in California, which was received by him on May 21, 2019. ECF No. 9, at 2.

of All-Cal, therefore service is governed by Pennsylvania Rule of Civil Procedure 440(a)(2)(i), which provides that "[i]f there is no attorney of record, service shall be made by handing a copy to the party or by mailing a copy to or leaving a copy for the party at the address endorsed on an appearance or prior pleading or the residence or place of business of the party. . . ." Pa. R. Civ. P. 440(a)(2)(i). Mr. Balestracci is not licensed to practice law in Pennsylvania, he never entered his appearance on behalf of All-Cal in Pennsylvania, and All-Cal denies that he represented All-Cal or acted on its behalf in the action filed in the Court of Common Pleas of Washington County. J.B.S. Cranes' emailing a copy of the Complaint to does not comply with Rule 440(a)(2)(i). There is otherwise no indication on the docket that J.B.S. Cranes has served or attempted to serve the Complaint on the "party," All-Cal. *Id.* Therefore, since service of the Complaint by email was ineffective, All-Cal's Notice of Removal is not untimely. Accordingly, J.B.S. Cranes' Motion to Remand is denied.

### B. Motion to Dismiss for Lack of Personal Jurisdiction

In accordance with the Federal Rules of Civil Procedure, a pleading may be dismissed for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Whether personal jurisdiction may be exercised over an out-of-state defendant is a question of law for the court. *Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products Co.*, 75 F.3d 147, 150 (3d Cir. 1996). The plaintiff bears the burden of establishing personal jurisdiction. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007). A federal court may exercise personal jurisdiction over a non-resident defendant to the extent permissible under the law of the forum state. Fed. R. Civ. P. 4(k)(1)(A). Under Pennsylvania's long-arm statute, the Court may assert personal jurisdiction over a non-resident defendant "to the fullest extent allowed under the Constitution of the United

States." 42 Pa.C.S.A. § 5322(b); *Renner v. Lanard Toys Ltd.*, 33 F.3d 277, 279 (3d Cir.1994).

To determine whether there is personal jurisdiction, the court "must ask whether, under the Due

Process Clause, the defendant 'has certain minimum contacts with. . . [Pennsylvania] such that

the maintenance of the suit does not offend traditional notions of fair play and substantial

justice.'" *O'Connor*, 496 F.3d at 316 (quoting *International Shoe Co. v. Washington*, 326 U.S.

310, 316 (1945)). Consistent with the requirements of due process, a District Court must ensure

that a defendant is subjected to personal jurisdiction only where that "nonresident Defendant has

'certain minimum contacts [with the forum State] such that the maintenance of the suit does not

offend traditional notions of fair play and substantial justice'". *Helicopteros Nacionales de*

*Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (quoting *International Shoe*, 326 U.S. at 316).

Personal jurisdiction may be either general or specific, and both the quality and quantity of the

necessary contacts differs according to which sort of jurisdiction applies. *Helicopteros*, 466 U.S.

at 412.

General personal jurisdiction arises from a defendant's contacts with the forum that are

unrelated to the cause of action being litigated. *Goodyear Dunlap Tires Operations, S.A. v.*

*Brown*, 564 U.S. 915, 919 (2011). Due process for general personal jurisdiction requires a

showing that the defendant has had continuous and systematic contacts with the forum state as to

render them essentially at home. *Helicopteros*, 466 U.S. at 412–13, 414 nn. 8 & 9. The place

where a company is incorporated, and the location where it has its principle place of business are

the "paradigm bases for general jurisdiction." *Goodyear*, 564 U.S. at 924. The "inquiry under

*Goodyear* is not whether a foreign corporation's in-forum contacts can be said to be in some

sense continuous and systemic, it is whether that corporation's affiliations with the State are so

continuous and systemic as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014).

All-Cal's principal place of business is California, where it is located. All-Cal is "at home" in California, not Pennsylvania. All-Cal does not have an office in Pennsylvania and is not registered to do business in Pennsylvania. All-Cal has no continuous and systematic contacts with Pennsylvania. Accordingly, there is no general jurisdiction in the forum state of Pennsylvania.

Specific jurisdiction exists "when the plaintiff's claim is related to or arises out of the defendant's contacts with the forum." *Mellon Bank (East) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d Cir.1992). Specific personal jurisdiction comports with due process as long as the Defendant has sufficient minimum contacts with the forum state. *See International Shoe*, 326 U.S. at 316 (1945). The due process inquiry must focus on "'the relationship among the defendant, the forum, and the litigation.'" *Rush v. Savchuk*, 444 U.S. 320, 327 (1980) (quoting *Shaffer v. Heitner*, 433 U.S. 186 (1977)). It has long been recognized that minimum contacts exist where the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. at 253 (1958). Put another way, when a defendant's conduct is such that she reasonably should have foreseen being haled into court in the forum, the necessary minimum contacts have been shown. *See World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Even a single act can support specific jurisdiction, so long as it creates a "substantial connection" with the forum. *Burger King*, 471 U.S. at 476, 105 S.Ct. 2174.

Here, All-Cal did not direct its activities at Pennsylvania, but rather was contacted by J.B.S. Cranes in California. All-Cal's activities took place in California pursuant to its contract with J.B.S. Cranes. J.B.S. Cranes alleges that it negotiated and executed the contract in Pennsylvania, but All-Cal did not engage in activity directed towards Pennsylvania regarding the contract. J.B.S. Cranes, from its home in Pennsylvania, reached out to All-Cal in California to engage All-Cal to perform work in California. Furthermore, all conduct associated with the alleged contractual breach occurred while All-Cal was performing work for the California Project in California. Therefore, All-Cal did not purposefully direct its activities at Pennsylvania. To allow the litigation to occur in Pennsylvania would not comport with the traditional notions of fair play and substantial justice. Therefore, there is no specific jurisdiction. Accordingly, All-Cal's Motion to Dismiss will be granted as there is no personal jurisdiction over All-Cal in Pennsylvania.

### C. Motion to Dismiss for Improper Venue

Alternatively, All-Cal argues that this action should be dismissed based on improper venue pursuant to Rule 12(b)(3). The defendant has the burden on a motion to dismiss for improper venue. *Myers v. American Dental Ass'n*, 695 F.2d 716, 725 (3d Cir. 1982). In "ruling on defendant's motion the plaintiff's choice of venue should not be lightly disturbed." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Here, All-Cal does not reside in this District, and a substantial part of the events or omissions giving rise to the claim did not occur in this District. 28 U.S.C. § 1391(b). Accordingly, All-Cal's Motion to Dismiss for improper venue is also granted.

### III. CONCLUSION

Plaintiff J.B.S. Cranes' Motion to Remand (ECF No. 8) is DENIED. Defendant All-Cal's Motion to Dismiss (ECF No. 2) is GRANTED for lack of personal jurisdiction and improper venue. Plaintiff's Complaint is hereby dismissed without prejudice to J.B.S. Crane refiling the claim in a proper venue that may exercise personal jurisdiction over All-Cal.

IT IS SO ORDERED.

DATE _January 2, 2020_

_Marilyn J. Horan_
Marilyn J. Horan
United States District Judge